**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **CHARLES DUDLEY, et al.,** | : |
| **Plaintiffs,** | : |
| **JOHN WOOD, et al.** | : |
| **Plaintiffs,** | : |
| vs. | :   5:00CV515 (DF) |
| **CITY OF MACON, et al.,** | : |
| **Defendants.** | : |

## O R D E R

After careful consideration of the parties submissions, the Court concludes that a protective order should not be issued in this case. The Dudley Plaintiffs asked the Court to protect:

> (a) the test and component weights, (b) the various cut off scores candidates will need to achieve to pass the assessment procedures, (c) the rule by which candidates will be certified, (d) the process by which candidates will be selected from the certification lists until after the validity of the promotional procedures has been agreed upon or judicially determined.

Tab 89, Pls.' Mot. Pg. 1. In support of their motion, the Dudley Plaintiffs presented the affidavit of Dr. Kathleen Lundquist, their retained expert who is an industrial psychologist. The basis for the Dudley Plaintiffs' motion is their desire for flexibility and secrecy – that is, should the test results indicate an adverse impact on black applicants, they would like to have the flexibility to alter the components and/or the weighting of the components without having to communicate that the promotional policy is being altered on account of adverse impact. The result of this flexibility and secrecy, according to Dr. Lundquist, will be the potential preservation of the policy's credibility, should the policy need to be

changed or amended.

The promotional policy for the City of Macon's Police and Fire Departments has been the subject of great interest and controversy for many years.  Members of both departments have doubted the validity, honesty, and content of the policy.  All parties to this matter have the opportunity to restore trust and credibility to the promotional process; an opportunity such as this does not often present itself and is one this Court takes very seriously.  If the information regarding the promotional policy were kept secret, test takers would be denied the full advantage of test preparation.  Also, there is no guarantee that the imposition of a protective order would safeguard the information regarding the promotional process entirely.  It is hard to imagine anything more divisive or demoralizing that a leak of information regarding the promotional process within the police and fire departments.  Finally, fully informing every member of the departments about the promotional process can only breed trust and respect for the system.  The degree of candor that is necessary to restore credibility to the promotional policy requires the Court, and all parties involved in this litigation, to be completely honest with all facets of the promotional policy from the outset.

Consequently, the Dudley Plaintiffs' Motion for a Protective Order is **DENIED**.

SO ORDERED, this 23rd day of May, 2005.

                                                   s/ Duross Fitzpatrick
                                                 DUROSS FITZPATRICK, JUDGE
                                                 UNITED STATES DISTRICT COURT

DF/has