# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **CHARLES DUDLEY, et al.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:00-CV-515 (HL) |
| | : | |
| **CITY OF MACON, GEORGIA,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |
| | : | |
| **JOHN WOOD, et al.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF MACON, et al.,** | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

This case is before the Court on Defendant City of Macon's Motion to Terminate Consent Decrees and Consent Orders (Doc. 200).

For over 28 years, the Court has overseen the hiring and promotion practices of the City of Macon's Police Department and Fire Department. During this time, the Court has entered a number of orders and decrees with regard to those employment practices. The City has moved the Court to terminate all consent decrees and orders currently in force in this case, including the April 9, 1981 Consent Decree, as modified

on June 14, 2001, and approved on August 9, 2001; the August 5, 2004 Consent Order; the August 4, 2006 Consent Order; and the September 19, 2006 Consent Order tentatively approved on August 24, 2006. The City contends that these orders have served their purpose, and it is time to return the Police Department and Fire Department to the control of the City.

In order to terminate the decrees and orders, the City must show that the basic purposes of the decree have been fully achieved and that there is no significant likelihood of recurring violations of federal law once the decree has been lifted. United States v. City of Miami, 2 F.3d 1497, 1505-1506, 1508 (11th Cir. 1993).[1]

The Court held a hearing on August 13, 2009, during which it heard argument and took evidence from the parties on the issue of whether the City has met the City of Miami requirements. The City was the only party to submit documentary evidence and present witness testimony. The Court heard testimony from Benjamin Hubbard, the City's Human Resources Director, Martha Clifton, the City's Compliance Officer, Marvin Riggins, the City's Fire Chief, and Mike Burns, the City's Police Chief. Each of these witnesses proved knowledgeable about the issues in this case.

Based on the evidence presented by the City, and the lack of any evidence in opposition, the Court finds that the City of Miami requirements have been met. The

_____

[1]In the City of Miami opinion, the Eleventh Circuit stated that in determining whether the decree's purpose has been fulfilled, the district court should consider 'whether the City has 'complied in good faith' with the decree and whether the vestiges of past discrimination have 'been eliminated to the extent practicable.'" 2 F.3d at 1508.

purpose of the decrees and orders was to rid the City's hiring and promotional system of practices that have the purpose or effect of discrimination based on race. The City has shown that this purpose has been achieved. Further, there is no evidence which leads the Court to believe the City is likely to return to its former discriminatory ways.

The Court agrees that the time for oversight is over. There is no reason to continue to subject the City to federal court scrutiny and supervision. Accordingly, Defendant's Motion to Terminate Consent Decrees and Consent Orders (Doc. 200) is **GRANTED**. The April 9, 1981 Consent Decree, as modified on June 14, 2001, and approved on August 9, 2001; the August 5, 2004 Consent Order; the August 4, 2006 Consent Order; and the September 19, 2006 Consent Order tentatively approved on August 24, 2006, are hereby terminated.

The parties are directed to bring any issues remaining in this case to the Court's attention no later than August 21, 2009. If there are no outstanding issues, the Court intends to close this file no later than August 31, 2009.

**SO ORDERED**, this the 14th day of August, 2009.

_s/  Hugh Lawson_
**HUGH LAWSON, SENIOR JUDGE**

mbh

3